UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN CUNNINGHAM,

                          Plaintiff,                    No. 09-CV-12718-DT

vs.                                                     Hon. Gerald E. Rosen

JON WILSON, et al.,

                          Defendants.
_____/


ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, WITH MINOR CORRECTION, AND GRANTING
DEFENDANT COLBRY'S MOTION TO DISMISS PURSUANT THERETO, AND
ORDER DISMISSING PLAINTIFF'S CLAIMS AGAINST ALL OTHER
DEFENDANTS PURSUANT TO 28 U.S.C. §1915A FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

                    At a session of said Court, held in
                    the U.S. Courthouse, Detroit, Michigan
                    on _____September 8, 2010_____

                    PRESENT:   Honorable Gerald E. Rosen
                               United States District Chief Judge

        This Section 1983 prisoner civil rights matter is presently before the Court on the

July 28, 2010 Report and Recommendation of United States Magistrate Judge Paul J.

Komives recommending that the Court grant Defendant Colbry's Motion to Dismiss in

which the Magistrate Judge concluded that Plaintiff's Complaint against Defendant

Colbry is barred by the three-year statute of limitations applicable to Section 1983

actions.  Plaintiff timely filed objections to the Report and Recommendations.

1

Having reviewed and considered the  Magistrate Judge's R&R, Plaintiff's objections thereto, and the entire record of this matter, the Court agrees with Magistrate Judge Komives that Plaintiff's Complaint against Defendant Colbry is time-barred.

Therefore,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation of July 28, 2010 **[Dkt. # 22]** is adopted by the Court with two minor typographical corrections to page 3 of the R&R to correct two erroneous 2010 date references (at line 6 of page three and in footnote 3) concerning events attested to by Plaintiff in the affidavit attached to his Complaint as having occurred on July 24 and 25 in **2005**.  With these two date corrections, the R&R is hereby ADOPTED.  Accordingly,

IT IS FURTHER ORDERED that Defendant Colbry's Motion to Dismiss **[Dkt. # 8]** is hereby GRANTED and Plaintiff's Complaint against Defendant Colbry, accordingly, is hereby DISMISSED, with prejudice.

Although none of the other named defendants have been served,[1] pursuant to 28 U.S.C. § 1915(e)(2) and its obligation to screen prisoner complaints seeking redress from any governmental entity or from any officer or employee of a governmental entity, as set forth in 28 U.S.C. §1915A, the Court may dismiss a prisoner's complaint at any time "if the complaint, or any portion of the complaint, . . . is  frivolous, malicious, or fails to

---

[1] An Order directing service by the U.S. Marshal without prepayment of costs was issued on November 10, 2009, the waivers of service were returned unexecuted on December 22, 2009 and no actions have been taken since that time to effectuate service.

state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

As attested to by Plaintiff in the affidavit appended to his Complaint, and as the Magistrate Judge found in considering Defendant Colbry's motion, all of Plaintiff's claims in this action arose as a result of actions of Defendants Colbry, Wilson, Smith, Strong and Lubreck that occurred at the Shiawassee County Jail ("SCJ").[2]  It is undisputed that Plaintiff was transferred from the SCJ to the Michigan Department of Corrections Jackson, Michigan prison intake on May 4, 2006, and is now incarcerated at the MDOC's Carson City Correctional Facility.

As the Magistrate Judge found with respect to Plaintiff's claims against Defendant Colbry, the events that should have alerted Plaintiff as to his claims against Defendants Wilson, Smith and Lubreck were the July 24, 2005 incident and Defendants Wilson's, Smith's and Strong's ensuing actions while Plaintiff was in the SCJ.  Therefore, Plaintiff's claims necessarily accrued and the statute of limitations began to run no later than May 4, 2006, the date on which he was transferred from the SCJ.[3]  Plaintiff's

---

[2]  Defendant Colbry is a correctional officer at the SJC; Defendant Wilson is the Shiawasee County Sheriff; Defendant Lubreck was an inmate at the SJC who allegedly assaulted Plaintiff in July 2005.  Defendant Strong, a doctor, and Defendant Smith, a nurse, treated Plaintiff for his injuries at the SJC.

[3]  The Court notes that no specific claim is alleged in Plaintiff's Complaint against Defendant Lubreck, although Plaintiff does list him among the defendants in the caption of some of his pleadings.  Defendant Lubreck is not a county employee, hence, no Section 1983 claim may lie against him.  In any event, to the extent Plaintiff may allege a claim against Lubreck at best it would be a state law assault and battery claim which is subject to a two-year statute of limitations, *see* M.C.L. § 600.5805(2), and, as discussed *infra*, such a claim would be time-barred.

Complaint was signed on June 29, 2009 and filed on July 9, 2009 -- two months after the statute of limitations for a Section 1983 action had expired -- and, therefore, is time-barred.

For the foregoing reasons, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. Therefore, pursuant to 28 U.S.C. §§ 1915(e)(2)(ii) and 1915A(b)(1), Plaintiff's Complaint is DISMISSED in its entirety, with prejudice.

Let Judgment be entered accordingly.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: September 8, 2010


I hereby certify that a copy of the foregoing document was served upon counsel of record on September 8, 2010, by electronic mail and upon Juan Cunningham, #599834, Carson City Correctional Facility, P.O. Box 5000, Carson City, MI 48811-5000 VCS by ordinary mail.

s/Ruth A. Gunther
Case Manager